11-3846-cv
*Grynberg et al. v. ENI S.p.A.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of November, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
                DENNY CHIN,
                        *Circuit Judges*,
                DAVID G. LARIMER,
                        *District Judge.*[*]

---

JACK J. GRYNBERG, GRYNBERG PRODUCTION CORPORATION (TEXAS). INC., GRYNBERG PRODUCTION CORPORATION (COLORADO), INC., PRICASPIAN DEVELOPMENT CORPORATION (TEXAS).,

       *Plaintiffs-Appellants*,

       -v.-           11-3846

ENI S.P.A., FKA AGIP, an Italian Corporation,

       *Defendant-Appellee*.

---

[*] The Honorable David G. Larimer, of the United States District Court for the Western District of New York, sitting by designation.

FOR PLAINTIFFS-APPELLANTS: Daniel L. Abrams, Law Office of Daniel L. Abrams, PLLC, New York, NY.

FOR DEFENDANT-APPELLEE: Mark A. Robertson, Travis J. Mock, Fulbright & Jaworski L.L.P., New York, NY.

Appeal from the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York is **AFFIRMED**.

Plaintiffs-Appellants Jack J. Grynberg ("Grynberg") and three closely-held companies owned by the Grynberg family appeal from an August 24, 2011 order of the United States District Court for the Southern District of New York (Daniels, *J.*) granting Defendant-Appellee Eni S.p.A.'s ("Eni") motion for summary judgment and dismissing Grynberg's claim for unjust enrichment. The panel has reviewed the briefs and the record in this appeal and agrees unanimously that oral argument is unnecessary because "the facts and legal arguments [have been] adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Fed. R. App. P. 34(a)(2)(C). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

2

We review *de novo* a grant of summary judgment by the district court. *See*, *e.g.*, *S.E.C. v. Obus*, 693 F.3d 276, 284 (2d Cir. 2012). "The basic elements of an unjust enrichment claim in New York require proof that (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004). The district court determined that Grynberg's claim failed because he could not show any relationship, or even any communication, between himself and Eni. *See Mandarin Trading Ltd. v. Wildenstein*, 944 N.E.2d 1104, 1110-11 (N.Y. 2011) ("Although privity is not required for an unjust enrichment claim, a claim will not be supported if the connection between the parties is too attenuated." (internal citations omitted)).

Grynberg challenges the district court's ruling on the ground that he alleged an "unjust enrichment claim predicated on a misappropriation of trade secrets," which need not satisfy the traditional elements of unjust enrichment. The district court correctly ruled that Grynberg did not make a misappropriation of trade secrets

3

claim.  The amended complaint identified only one claim for relief and it was entitled "unjust enrichment."  But even had the court considered the merits of Grynberg's alleged trade secrets claim, summary judgment for Eni would still be appropriate.  Grynberg offered no evidence showing that Eni had notice that information Grynberg claims Eni received through a joint venture was in breach of a confidential relationship.  *See* Restatement of Torts § 757(c) (1939).

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4