Lexon Insurance Company v. Wells Fargo Bank

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         RAYMOND J. LOHIER, JR.,
                        **Circuit Judges**.
         GEOFFREY W. CRAWFORD,*
                        **District Judge**.

- - - - - - - - - - - - - - - - - - - -X

LEXON INSURANCE COMPANY,
     **Plaintiff-Appellant**,

     -v.-                                    14-3490

WELLS FARGO BANK,
     **Defendant-Appellee**.

- - - - - - - - - - - - - - - - - - - -X

---

\* The Honorable Geoffrey W. Crawford, United States District Judge for the District of Vermont, sitting by designation.

**FOR APPELLANT:**          ANDREW S. KENT, CHIESA SHAHINIAN & GIANTOMASI PC, West Orange, New Jersey.

**FOR APPELLEE:**          RICHARD G. HADDAD, OTTERBOURG P.C., New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Lexon Insurance Company ("Lexon") appeals from the judgment of the United States District Court for the Southern District of New York (Hellerstein, J.), granting the motion of Wells Fargo Bank for judgment on the pleadings. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1. As to the dismissal of Lexon's claim of unjust enrichment, the district court correctly applied New York law, holding that the relationship between Lexon and Wells Fargo did not support an unjust enrichment claim. See Grynberg v. ENI S.P.A., 503 F. App'x 42, 44 (2d Cir. 2012) ("Although privity is not required for an unjust enrichment claim, a claim will not be supported if the connection between the parties is too attenuated.") (citing Mandarin Trading Ltd. v. Wildenstein, 944 N.E.2d 1104, 1110-11 (N.Y. 2011)).

2. Lexon's claim of equitable subrogation is not cognizable because the government had no rights against Wells Fargo in the first instance, given that Wells Fargo was not an "importer" under 19 C.F.R. § 141.1. The cases Lexon cites to support its claim are inapposite. In Corex Corp. v. United States, 524 F.2d 1017, 1019-20 (9th Cir. 1975), the Ninth Circuit held that the "determination of who is the importer under the pertinent statute does not turn on technical rules such as the law of sales, but rather on the realities as to who arranges as principal and not as agent for the articles to be imported into the United States." Id. (internal quotation marks omitted). Lexon's complaint is devoid of any allegations that ANG operated as Wells

2

Fargo's agent. See N.Y. Marine & General Ins. Co. v. Tradeline (L.L.C.), 266 F.3d 112, 122 (2d Cir. 2001) ("New York common law provides that an agency relationship results from a manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and the consent by the other to act." (internal quotation marks omitted)).

**3.** Lexon challenges the grant of judgment on the pleadings, on the ground that Wells Fargo cherry-picked documents that it annexed to its answer. The district court properly considered these documents in adjudicating Wells Fargo's Rule 12(c) motion. See L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011) ("On a 12(c) motion, the court considers the complaint, the answer, [and] any written documents attached to them . . . ." (internal quotation marks omitted)). Lexon does not dispute the authenticity of any such documents. Moreover, the district court limited its holding to consideration of Lexon's complaint and any accompanying documents. J.A. 338 ("In sum, the facts alleged in the Amended Complaint and the contracts attached to the complaint indicate that ANG was at all times the importer of goods and do not establish that Wells Fargo did anything other than provide ANG with financing secured by the goods owned by ANG.").

**4.** Lexon argues that it should have been granted leave to amend its complaint. But given that Lexon has not stated a claim under either of its asserted causes of action, Lexon's motion was properly denied on the basis of futility. See State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981) ("Reasons for a proper denial of leave to amend include . . . futility of the amendment . . . . .").

For the foregoing reasons, and finding no merit in Lexon's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3