Centre Lane Partners III, L.P. v Nature's Bounty Co. (2021 NY Slip Op 02238)





Centre Lane Partners III, L.P. v Nature's Bounty Co.


2021 NY Slip Op 02238


Decided on April 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 13, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Oing, Kennedy, JJ. 


Index No. 656486/18 Appeal No. 13582 Case No. 2020-02660 

[*1]Centre Lane Partners III, L.P., et al. Plaintiffs-Appellants,
v
The Nature's Bounty Co. et al., Defendants-Respondents.


Thompson Hine LLP, New York (Renee Zaytsev of counsel), for appellants.
Morrison Cohen LLP, New York (Latisha V. Thompson of counsel), for respondents



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about April 29, 2020, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the fraud and unjust enrichment causes of action, unanimously affirmed, with costs.
Plaintiffs acquired nonparty Vitamin World, Inc., from defendants. As part of the transaction, defendants committed to supply certain levels of vitamin product as defined in a "Lost Sales" provision of the "Supply Agreement." A dispute between defendants and Vitamin World over supply levels ensued. The dispute was resolved by a settlement agreement entered into by defendants and Vitamin World on behalf of itself and its affiliates (now including plaintiffs), in which Vitamin World released defendants "from any and all claims . . . of every kind and nature whatsoever, in law or in equity, whether or not they have been subject to dispute, by reason of any matter, cause or thing whatsoever, whether sounding in contract, tort, or otherwise, arising out of or related to . . . Lost Sales in the Supply Agreement." While the release was limited to its subject matter, it was otherwise broadly worded. After the Settlement Agreement was entered into, defendants allegedly fell short of promised supply levels. Five months after the parties entered into the Settlement Agreement, Vitamin World went into bankruptcy. After the bankruptcy case was closed, plaintiffs commenced the instant action premised on the allegation that defendants deceived them by becoming their suppliers without ever intending to meet the supply levels specified in the Lost Sales provision.
Plaintiffs' claims are barred by the release contained in the settlement agreement between their subsidiary affiliates, Vitamin World, Inc. and VWRE Holdings Inc., and defendants (see Centro Empresarial Cempresa S.A. v AmÉrica MÓvil, S.A.B. de C.V., 17 NY3d 269, 276 [2011]).
The fraud cause of action is also vitiated by the extensive and detailed disclaimers of representations and warranties contained in the transaction documents, which preclude any claim of justifiable reliance (see Pappas v Tzolis, 20 NY3d 228, 233 [2012]; RKA Film Fin., LLC v Kavanaugh, 171 AD3d 678, 678 [1st Dept 2019]).
The disclaimers also vitiate the alternative cause of action for unjust enrichment. Since plaintiffs cannot reasonably complain about defendants' failure to meet supply levels, they have identified nothing wrong or unfair about the Vitamin World
transaction that would require equity to intervene (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 13, 2021