■ JEROME SPITZER, Appellant, v CHRISTIE'S APPRAISALS, INC., et al., Respondents. [652 NYS2d 38] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about October 19, 1995, which, in action seeking to recover for a negligent appraisal of artwork purchased by plaintiff, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

The action was properly dismissed in the absence of any evidence tending to show that the appraiser was aware that the appraisal, which specifically stated that it was to be used for insurance purposes only, was being performed for plaintiff's rather than the seller's benefit, and would be relied upon by plaintiff in deciding whether to purchase the art (see, Credit Alliance Corp. v Andersen & Co., 65 NY2d 536, 551). Concur—Murphy, P. J., Sullivan, Rosenberger, Williams and Andrias, JJ.

■ In the Matter of HAROLD PITTS, JR., Appellant, v ANDRETTA G. DENNIS, Respondent. [652 NYS2d 35] —Order, Family Court, New York County (Leah Marks, J.), entered on or about May 24, 1995, which granted respondent mother custody of and petitioner father visitation rights with the parties' child, unanimously affirmed, without costs. The appeal from the order entered on or about November 1, 1995, which set forth a visitation schedule, unanimously dismissed, without costs, as abandoned.

Family Court appropriately stated the ultimate fact it deemed essential to its determination of custody (see, Matter of Jose L. I., 46 NY2d 1024), which is supported by the record, namely, that most of the father's parental responsibilities were discharged by his mother and sister during the time the child was in his custody. We agree with Family Court that such circumstance makes it in the child's best interests that the mother have custody (see, Friederwitzer v Friederwitzer, 55 NY2d 89, 95). Concur—Murphy, P. J., Sullivan, Rosenberger, Williams and Andrias, JJ.