■ MAFG ART FUND, LLC, et al., Respondents-Appellants, v LARRY GAGOSIAN et al., Appellants-Respondents. [998 NYS2d 342]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered February 3, 2014, which, insofar as appealed from as limited by the briefs, granted defendants' motion to dismiss the causes of action for breach of fiduciary duty and breach of the implied covenant of good faith and fair dealing, and denied the motion as to the fraud cause of action, unanimously modified, on the law, to grant the motion as to the fraud cause of action, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint.

The parties operated at arm's length when they negotiated (e.g. over the price of the $10.5 million painting) (*EBC I, Inc. v Goldman Sachs & Co.*, 91 AD3d 211, 215 [1st Dept 2011], *lv granted* 19 NY3d 810 [2012]). Thus, fiduciary obligations did not exist between them (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 22 [2005]). Moreover, even read liberally, the complaint does not establish that defendants exercised control and dominance over plaintiffs—limited liability companies who, by their own description, frequently purchased, sold, and exchanged works of art as investments (*see People v Coventry First LLC*, 13 NY3d 108, 115 [2009]).

The amended complaint alleges that defendants misrepresented the value of certain works of art and that the values were supported by market data, when they were not. As to the latter, the complaint fails to state a cause of action for fraud because plaintiffs did not allege justifiable reliance (*see e.g. VisionChina Media Inc. v Shareholder Representative Servs., LLC*, 109 AD3d 49, 57 [1st Dept 2013]). As a matter of law, these sophisticated plaintiffs cannot demonstrate reasonable reliance because they conducted no due diligence; for example, they did not ask defendants, "Show us your market data" (*see e.g. HSH Nordbank AG v UBS AG*, 95 AD3d 185, 194-195, 197-198 [1st Dept 2012]). As to the claim that defendants misrepresented the value of certain art works, statements about the value of art constitute "nonactionable opinion that provide[s] no basis for a fraud claim" (*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 179 [2011]).

In light of the above disposition, it is unnecessary to consider defendants' argument that the documents they submitted refute plaintiffs' fraud claim.

Plaintiffs contend that, when plaintiff MacAndrews & Forbes Group, LLC (MacAndrews) and defendant Gagosian Gallery, Inc. (the Gallery) entered into a contract whereby MacAndrews bought a sculpture from the Gallery (the MacAndrews Purchase Agreement), defendants knew that plaintiffs expected to resell the sculpture. Plaintiffs allege that defendants breached the covenant of good faith and fair dealing implicit in the MacAndrews Purchase Agreement by entering into a subsequent agreement that decreased their incentive to be involved in resales of the sculpture, because without defendants' involvement, plaintiffs would not realize as high a price on the resale. However, the essence of the MacAndrews Purchase Agreement was that MacAndrews was going to buy a sculpture, not that it would later resell it. As important as defendants' involvement in the resale was to plaintiffs, the parties did not include it in

the MacAndrews Purchase Agreement, and we will not interpret the agreement as impliedly stating it (*see Rowe v Great Atl. & Pac. Tea Co.*, 46 NY2d 62, 72 [1978]). Concur—Friedman, J.P., Acosta, Moskowitz, Richter and Clark, JJ.