McMurray v Hye Won Jun (2019 NY Slip Op 00065)





McMurray v Hye Won Jun


2019 NY Slip Op 00065


Decided on January 8, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2019

Renwick, J.P., Manzanet-Daniels, Tom, Mazzarelli, Webber, JJ.


8030 650002/17

[*1]Jennifer McMurray, Plaintiff-Appellant,
v
Hye Won Jun, also know as Helen Jun, Defendant-Respondent.


Law Office of Terry D. Horner, Poughkeepsie (Terry D. Horner of counsel), for appellant.
Mintz & Gold LLP, New York (Timothy H. Wolf of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered September 12, 2017, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss plaintiff's unjust enrichment claim, unanimously affirmed, without costs.
To successfully plead unjust enrichment "[a] plaintiff must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011] [internal quotation marks omitted]). "Although privity is not required for an unjust enrichment claim" (id.), "a claim will not be supported unless there is a connection or relationship between the parties that could have caused reliance or inducement on the plaintiff's part" (Georgia Malone & Co., Inc. v Rieder, 86 AD3d 406, 408 [1st Dept 2011], affd 19 NY3d 511 [2012]).
Plaintiff failed to state a cause of action for unjust enrichment against defendant. Although defendant was enriched by plaintiff's ex-husband, as the court noted, the funds belonged to him and plaintiff jointly. Plaintiff concedes that her ex-husband voluntarily gave defendant property and assets for his own benefit. Defendant was under no obligation to return property or assets voluntarily given to her by plaintiff's ex-husband. As noted by the court, plaintiff's claim against her former husband for dissipation of marital assets was released in the divorce proceeding.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 8, 2019
CLERK