Vlachos v Thomas (2020 NY Slip Op 06041)





Vlachos v Thomas


2020 NY Slip Op 06041


Decided on October 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

Before: Renwick, J.P., Manzanet-Daniels, Gesmer, Oing, JJ. 


Index No. 152087/17 Appeal No. 12177N Case No. 2019-03367N 

[*1]John Vlachos, by Peter Athineos, his agent pursuant to Power of Attorney, Plaintiff-Respondent,
v
Bradley A. Thomas, et al., Defendants-Appellants.


Zeisler PLLC, New York (Brian A. Burns of counsel), for appellants.
Nicoletti Hornig & Sweeney, New York (Walter A. Kretz, Jr. of counsel), for respondent.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered July 5, 2019, which, to the extent appealed from, denied defendants' motion to compel plaintiff to produce certain documents, unanimously affirmed, without costs.
Defendant Thomas is plaintiff Vlachos's former personal trainer and friend, and defendant Akili Club Inc. is Thomas's company. Plaintiff (Vlachos by Peter Athineos, his agent pursuant to a power of attorney) alleges that defendants were unjustly enriched by retaining approximately $583,033.75, while defendants maintain that the money was a gift.
Defendants seek to use Vlachos's gifts to his nephew, his loan to a friend (which, defendants allege, was mostly forgiven and therefore became, in essence, a gift), and the fact that he may have allowed Athineos to buy Vlachos's house for less than fair market value to show that the money at issue in this case was a gift. However, "the character of a party may not be shown in a civil case to raise an inference that he acted in conformity therewith on the occasion in question" (Richbell Info. Servs, Inc. v Jupiter Partners L.P., 32 AD3d 150, 157 [1st Dept 2006] [internal quotation marks omitted]; see Matter of Estate of Klein, 2016 NY Slip Op 33325[U] [Sur Ct, NY County 2014]).
"The essential inquiry in any action for unjust enrichment is whether it is against equity and good conscience to permit defendant to retain what is sought to be recovered" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011] [ellipsis and internal quotation marks omitted]). Defendants fail to show how documents about Vlachos's gifts to his nephew, his loan to a friend, the removal of another friend from his will, Athineos's alleged purchase of Vlachos's house for less than fair market value, or the economic interest of Athineos and his son in Vlachos's estate are relevant.
Documents about Vlachos's assets, income, and financial resources might help show that it is not against equity and good conscience to permit defendants to retain the money that plaintiff seeks to recover. However, defendants already have a document showing that Vlachos was worth millions of dollars as of January 2017, and Athineos does not dispute that Vlachos is very wealthy. Accordingly, the court did not improvidently exercise its discretion by denying defendants' motion (see e.g. Gumbs v Flushing Town Ctr. III, L.P., 114 AD3d 573, 574 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2020