Leon Cosgrove, LLC v Ironshore Indem., Inc. (2021 NY Slip Op 02989)





Leon Cosgrove, LLC v Ironshore Indem., Inc.


2021 NY Slip Op 02989


Decided on May 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 11, 2021

Before: Gische, J.P., Kapnick, Oing, Singh, JJ. 


Index No. 656248/17 Appeal No. 13820 Case No. 2020-04727 

[*1]Leon Cosgrove, LLC, et al., Plaintiffs-Respondents,
v
Ironshore Indemnity, Inc., Defendant-Appellant.


Kaufman Dolowich & Voluck, LLP, New York (Peter A. Stroili of counsel), for appellant.
Mitchell Silberberg & Knupp, LLP, New York (Lindsay R. Edelstein and Jeffrey M. Movit of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered November 13, 2020, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for partial summary judgment on their first cause of action, for breach of contract, and denied defendant's motion for summary judgment insofar as it sought dismissal of that claim, unanimously affirmed, with costs.
Between 2016 and 2017, plaintiffs Leon Cosgrove, LLC (Cosgrove) and Mitchell, Silberberg & Knupp, LLP (MS&K) were hired by nonparty Ariel Quiros to represent him in proceedings alleging he engaged in fraud and operated a Ponzi scheme.
As pertinent to this appeal, in November 2016, defendant Ironshore Indemnity, Inc. (Ironshore) and Quiros unsuccessfully tried to mediate the directors and officers p0licy coverage issues. Quiros then commenced a declaratory judgment action against Ironshore in federal court in Florida, alleging bad faith and seeking coverage. Cosgrove represented Quiros in the Florida Coverage Action. In January 2017, Quiros and Ironshore reached an interim agreement with respect to Quiros's demands for payment of defense costs in connection with the proceedings. The terms and conditions of the agreement were set forth in an Interim Funding Agreement (IFA), whereby Ironshore "agree[d] to pay any invoices of the Approved Firms for work performed or costs incurred, subsequent to December 1, 2016 and prior to the occurrence of a Termination Event." The IFA named Cosgrove and MS&K as "Approved Firms." The purpose of the IFA, as stated in the "Whereas" clauses, was to address Quiros's need for defense costs to reimburse the "Approved Firms" for their work "in connection with his defense of the Actions" against him, and in essence, to prevent the Approved Firms from withdrawing as his counsel. Plaintiffs had incurred nearly $2 million in outstanding legal fees in representing Quiros in the various matters prior to the IFA, and had communicated their intent to withdraw in November 2016.
With the IFA in place, plaintiffs continued to work on Quiros's legal matters and sent their invoices to Ironshore. However, Ironshore refused to pay the invoices, claiming that plaintiffs were not third-party beneficiaries of the IFA, and as such, lacked standing to bring a claim against Ironshore on the unpaid invoices.
In October 2017, Cosgrove and MS&K commenced this action against Ironshore alleging causes of action for breach of contract and quantum meruit in an attempt to recover their legal fees and expenses incurred in their representation of Quiros. Ironshore moved for summary judgment to dismiss plaintiffs' complaint, arguing that the language of the IFA afforded no basis for plaintiffs to claim they were third-party beneficiaries of such agreement. Ironshore also asserted that the quantum meruit claim failed because plaintiffs' services were not performed for and accepted by Ironshore.
Plaintiffs opposed and also moved for partial summary judgment on their [*2]cause of action for breach of contract, arguing that they were third-party beneficiaries of the IFA, in that they continued their legal representation of Quiros pursuant to the terms of the IFA, which identified them as approved firms.
Supreme Court granted plaintiffs' motion for partial summary judgment on their first cause of action, for breach of contract, and granted Ironshore's motion to dismiss the quantum meruit claim as duplicative of the breach of contract claim. The court found plaintiffs to be third-party beneficiaries of the IFA and that they had standing to bring suit against Ironshore. Defendants appeal. We affirm.
The clear intent of the IFA executed by Ironshore and Quiros was to ensure coverage for Quiros's defense costs. The naming of specified approved law firms to provide such defense, including plaintiffs, coupled with Ironshore's stated obligation to pay plaintiffs accrued defense costs, established plaintiffs' third-party beneficiary interest in the IFA (see generally Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 710-711 [2018]; Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 181-182 [2011]).
We decline to reach Ironshore's quantum meruit argument as it is academic.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2021