470 4th Ave. Fee Owner, LLC v Adam Am. LLC (2022 NY Slip Op 03204)

470 4th Ave. Fee Owner, LLC v Adam Am. LLC

2022 NY Slip Op 03204

Decided on May 17, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 17, 2022

Before: Mazzarelli, J.P., Oing, Moulton, González, Kennedy, JJ. 

Index No. 656506/18 Appeal No. 15952 Case No. 2020-04708 

[*1]470 4th Avenue Fee Owner, LLC, Plaintiff-Respondent,
v
Adam America LLC et al., Defendants-Appellants. (And a Third-Party Action.)

Gartner + Bloom, P.C., New York (Susan P. Mahon of counsel), for Adam America LLC and 470 4th Avenue Investors LLC, appellants.
Cerussi & Spring, P.C., White Plains (A. Joseph Giannini of counsel), for Danya Cebus Construction LLC, appellant.
Sher Tremonte LLP, New York (Erica A. Wolff of counsel), for respondent.

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about October 6, 2020, which, to the extent appealed from, denied, in part, defendant Danya Cebus Construction LLC's motion to dismiss the amended complaint as against it, denied defendant Adam America LLC's motion to dismiss the amended complaint as against it, and denied dismissal of the fraudulent inducement, fraudulent concealment, negligent misrepresentation, and negligence causes of action as against 470 4th Avenue Investors LLC (the seller, and together with Adam America, AARE), unanimously modified, on the law, to dismiss the negligence and negligent misrepresentation causes of action as against the seller, and otherwise affirmed, without costs.
Plaintiff's negligence and negligent misrepresentation claims against the seller are barred by the Purchase and Sale Agreement (PSA). In section 6.02 of the PSA, plaintiff agreed that it had not relied on any representations as to the condition of the building, and agreed to purchase the building "as is." Although Supreme Court correctly found that under the special facts doctrine, section 6.02 does not serve to bar the causes of action based on fraud, the provision does, in fact, bar the causes of action based on negligence (compare TIAA Global Invs., LLC v One Astoria Sq., 127 AD3d 75, 87-88 [1st Dept 2015] [under special facts doctrine, which provides that a contractual disclaimer cannot preclude a fraud claim when the underlying facts are peculiarly within the defendant's knowledge, "as is" and "no reliance" provisions in a real estate sales contract did not require dismissal of fraud claim under CPLR 3211]). Similarly, while the release in PSA section 19.15 exempts fraud claims from the scope of the release, plaintiff released the seller for claims relating to any defects in the building "whether the result of negligence or otherwise."
As to all claims against Adam America, the court correctly declined to dismiss those causes of action. The amended complaint alleges Adam America's direct involvement in the transactions, and specifically identifies Adam America's alleged wrongdoing. To the extent Adam America takes issue with the complaint's characterization of its relationship to the seller, its assertions present factual issues not properly determined on a motion to dismiss (see Basis Yield Alpha Fund v Goldman Sachs Group, Inc., 115 AD3d 128, 139 [1st Dept 2014]).
Supreme Court also properly allowed the negligence-based claims against Danya Cebus to proceed. Plaintiff adequately pleaded facts to show that the requisite special relationship of trust or confidence existed, and thus, the complaint sufficiently alleged the existence of a duty running from Danya Cebus to plaintiff, as required in negligence actions (see Kimmell v Schaefer, 89 NY2d 257, 263 [1996]; Mandarin Trading Ltd. v Wildenstein, 65 AD3d 448 [1st Dept 2009], affd 16 NY3d 173 [2011]). Danya Cebus's arguments regarding these claims at most raise factual [*2]issues.
The fraud-based claims were also correctly allowed to go forward. A reading of the complaint reveals that plaintiff pleads, with the specificity required under CPLR 3016(b), details about the allegedly fraudulent statements, as well as its justifiable reliance on those statements. The fraud claims are not, despite AARE's argument to the contrary, duplicative of the breach of contract claims, since many of the allegations relate to acts predating the PSA. Additionally, as already noted, PSA section 6.02 does not bar the fraud claims as against the seller; rather, the claims are governed by the special facts doctrine (see TIAA Global Invs., LLC, 127 AD3d at 88). As with its argument on the negligence claims, Danya Cebus's arguments regarding the special facts doctrine raise factual issues not determinable at this stage of the litigation. The fraud claims also fall within the carve-out to the PSA section 19.15 release, which specifically states that it does not apply to any acts constituting fraud.
Furthermore, Danya Cebus cannot rely on the PSA's waiver and release provisions as a defense to plaintiff's claims, as it is not a party to the PSA (see Freeford Ltd v Pendleton, 53 AD3d 38, 38 [1st Dept 2008], lv denied 12 NY3d 702 [2009]). We reject the argument that plaintiff's acknowledgement in PSA section 6.02 — namely, that it has not relied on any representations or warranties except as set forth in the PSA — precludes it from alleging reliance on any representations by Danya Cebus, who is not
even mentioned in the provision.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 17, 2022