**iintoo Courtland Bronx N.Y., L.P. v Wenger**

2024 NY Slip Op 31482(U)

April 25, 2024

Supreme Court, New York County

Docket Number: Index No. 151947/2023

Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 53

-----------------------------------------------------------------------------------X

IINTOO COURTLAND BRONX NEW YORK, L.P.,

                          Plaintiff,

- v -

DANIEL WENGER, MAVA LAW PLLC

                      Defendant.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 151947/2023 |
| **MOTION DATE** | 05/15/2023, 11/29/2023 |
| **MOTION SEQ. NO.** | 001 002 |

**DECISION + ORDER ON MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36

were read on this motion to/for                DISMISSAL               .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 38, 39, 40, 41, 42, 43, 44, 45

were read on this motion to/for          JUDGMENT - DEFAULT         .

Upon the foregoing documents, the Defendant Daniel Wenger's motion to dismiss (Mtn. Seq. No. 001) is denied. The Plaintiff's motion for default judgment (Mtn. Seq. No. 002) against the Defendant Mava Law, PLLC, is granted.

By way of background, Courtlandt Development LLC (**CDL**) is the owner of two buildings (the **Properties**) located in the Bronx, New York (NYSCEF Doc. No. 1, ¶ 12). In February 2020, pursuant to a Preferred Equity Agreement (the **PEA**; NYSCEF Doc. No. 14) entered into by the Plaintiff, CDL, AB Capstone LLC (**Capstone**), and AMI Capital Holdings LLC (**AMI**), the Plaintiff was to acquire 28.12% of the membership interest in CDL (NYSCEF Doc. No. 1, ¶¶ 8, 11). The PEA was signed by the Plaintiff and by one Meir Babaev, as the Managing Member of CDL, AMI, and Capstone (*id.*, at ¶ 9).

**151947/2023 IINTOO COURTLAND BRONX NEW YORK, L.P. vs. WENGER ESQ., DANIEL ET AL**     **Page 1 of 10**
Motion No. 001 002

1 of 10

[* 1]

As relevant to the instant suit, by letter (the **Opinion Letter**; NYSCEF Doc. No. 16), dated April 20, 2020, from Mr. Wenger to the Plaintiff, Mr. Wenger (as an attorney with the Defendant Mava Law, PLLC) issued an Opinion of Counsel Letter representing to the Plaintiff that he and Mava Law, as counsel to Capstone, AMI, and CDL, had reviewed all documents that he "**deemed necessary as a basis for the opinions hereafter expressed**" in the Opinion Letter. In other words, in his Opinion Letter, Mr. Wenger indicated that he had done the due diligence that he deemed appropriate to give the opinions in his Opinion Letter and did not otherwise limit his opinion based on the documents that were provided to him or otherwise carve-out any reliance or exposure that he might have based on information not known to him. To wit, the Opinion Letter provides:

April 20, 2020

### OPINION OF COUNSEL

iintoo of Courtlandt Bronx LP

**Re: Preferred Contribution in the amount of $4,500,000 (the "Preferred Contribution"), secured by that certain personal guaranty of Meir Babaev dated February 25, 20020 (the "Guaranty")**

Ladies and Gentlemen:

We are counsel to AB CAPSTONE LLC, a New York limited liability company ("Developer"), AMI CAPITAL HOLDINGS LLC a New York limited liability company ("Developer Investor") and COURTLANDTDEVELOPMENTLLC, a New York limited liability company, (the "LLC"), and we are delivering this opinion in connection with the Preferred Equity Agreement including the Personal Guaranty of Meir Babaev annexed thereto, dated as of February 25, 2020 (the "Agreement"), by and between iintoo Courtlandt Bronx New York LP ("iintoo") and Developer, Developer Investor and the LLC respectively.

In that connection, we have examined the originals, or copies certified to our satisfaction,

151947/2023   IINTOO COURTLAND BRONX NEW YORK, L.P. vs. WENGER ESQ., DANIEL ET AL          Page 2 of 10
Motion No. 001 002

2 of 10

[* 2]

of the Agreement and such corporate records of Developer, Developer Investor and the LLC, and certificates of public officials and of officers of Developer, Developer Investor and the LLC and have made such examinations of law, *as we have deemed necessary as a basis for the opinions hereinafter expressed.* We have assumed the due execution and delivery of the Agreement by iintoo.

Based upon the foregoing, we are of the following opinion:

1. Developer is a limited liability company duly incorporated, validly existing and in good standing under the laws of the State of New York

2. Developer has the corporate power to execute and deliver the Agreement and to perform its obligations under the Agreement and has taken all necessary corporate action to authorize such execution and delivery and performance of such obligations.

3. Developer Investor is a limited liability company duly incorporated, validly existing and in good standing under the laws of the State of New York.

4. Developer Investor has the corporate power to execute and deliver the Agreement and to perform its obligations under the Agreement and has taken all necessary corporate action to authorize such execution and delivery and performance of such obligations.

5. LLC is a limited liability company duly incorporated, validly existing and in good standing under the laws of the State of New York.

6. LLC has the corporate power to execute and delver the Agreement and to perform its obligations under the Agreement and has taken all necessary corporate action to authorize such execution and delivery and performance of such obligations.

7. Investor's, Developer's and Developer Investor's respective interests in the LLC have been duly issued in accordance with the Agreement.

8. Annexed hereto are the official corporate documents of the LLC fully signed by the Member(s) of the LLC, and any and all other relevant documents constituting the incorporation, charter, and organizational documents of the LLC, including but not limited to the following:

   (a) Certificate of Formation of Courtlandt Development LLC
   (b) Articles of Organization of Courtlandt Development LLC
   (c) Employer Identification Number
   (d) Certificate of Publication
   (e) Amended and Restated Operating Agreement of Courtlandt Development LLC

[* 3]

9. The execution and delivery of the Agreement by Developer, Developer Investor's and LLC and Developer's, Developer Investor's and LLC's performance of its obligations under the Agreement do not violate or conflict with any provision of its charter or by-laws (or comparable constitutional documents) or of any law, rule or regulation applicable to it. Further, execution and delivery of the Agreement by Developer, Developer Investor and/or LLC will not violate, or cause the default under, any provision of any mortgage, indenture, note, instrument, contract, member agreement or other agreement to which the Developer, Developer Investor and/or LLC is a party or which is or purports to be binding upon the Developer, Developer Investor and/or LLC or any of its property or assets, and will not result in the creation or imposition of any lien, charge or encumbrance on, or security interest in, any of such properties pursuant to the provisions of such mortgage, indenture, note, instrument, contract, shareholder agreement or other agreement.

10. The Agreement is the legal, valid and binding obligation of Developer, Developer Investor and the LLC is enforceable against each in accordance with the terms thereof, subject to applicable bankruptcy, insolvency and similar laws affecting creditors' rights generally, and subject, as to enforceability, to general principles of equity (regardless of whether enforcement is sought in a proceeding in equity or at law).

11. No consent, authorization, license, or approval of or registration or declaration with, any federal or state governmental authority is required in connection with the execution, delivery or performance of the Agreement by Developer, Developer Investor, and/or the LLC.

12. To our knowledge, there is no action, suit or proceeding pending or threatened in writing against the Developer, Developer Investor and/or the LLC that challenges the validity or enforceability of, or seeks to enjoin the performance of, the Agreement.

13. The execution, delivery and performance of this Agreement and/or the Personal Guaranty by the Principal(s) of the Principal's Personal Guarantee, will not violate any provision of any existing law or regulation, or any order or decree of any court, arbitrator, governmental authority, bureau or agency, or of the articles of organization or operating agreement of the Guarantor, and will not violate, or cause the default under, any provision of any mortgage, indenture, note, instrument, contract, member agreement or other agreement to which the Guarantor is a party or which is or purports to be binding upon the Guarantor or any of his property or assets, and will not result in the creation or imposition of any lien, charge or encumbrance on, or security interest in, any of such properties pursuant to the provisions of such mortgage, indenture, note, instrument, contract, shareholder agreement or other agreement

151947/2023 IINTOO COURTLAND BRONX NEW YORK, L.P. vs. WENGER ESQ., DANIEL ET AL     Page 4 of 10
Motion No. 001 002

4 of 10

(NYSCEF Doc. No. 16 [emphasis added]).

Based on this Opinion Letter, on which the Plaintiff reasonably relied, the Plaintiff understood that (i) CDL had the corporate authority to execute the PEA, and (ii) the Plaintiff's interest in CDL had been duly issued in accordance with the PEA's terms (NYSCEF Doc. No. 1, ¶ 15).

After the closing In July 2020, the parties entered into a second agreement (*i.e.*, the Preferred Equity Redemption Agreement [the **PERA**; NYSCEF Doc. No. 17]) pursuant to which CDL agreed to redeem the Plaintiff's investment for $2,060,000 in three separate installment payments (NYSCEF Doc. No. 31, ¶ 15). The Plaintiff received the first payment without incident. However, when it did not receive the second payment, the Plaintiff learned for the first time that the opinion of Counsel reflected in the Opinion Letter was false; Mr. Babaev had restructured CDL and as a result, the Plaintiff's interest in CDL was not properly issued (NYSCF Doc. No. 1, ¶¶ 19-26 -- although it may be enforceable nonetheless).

The Plaintiff thus brought this lawsuit alleging negligent misrepresentation (*id.*, ¶ 28-32).[1] Mr. Wenger moved to dismiss, arguing (i) the Plaintiff's fail to plead the requisite intent by Mr. Wegner because Mr. Babaev concealed certain documents from him, (ii) the Opinion Letter cannot be the proximate cause of the Plaintiff's loss because the payments are due under the

---

[1] The Plaintiff has pursued arbitration and brought several other lawsuits in connection with the transactions at issue here, including *iintoo Courtland Bronx New York LP v. Courtlandt Development LLC, AB Capstone LLC, Meir Babaev, and CDL MM LLC*, Index No. 650373/2022; *iintoo Courtland Bronx New York LP v. Cornerstone Land Abstract*, Index No. 611590/2022; *iintoo Courtland Bronx New York LP v. Courtlandt Development LLC and Citi Real Estate Funding, Inc.*, Index No. 812898/2022E; *iintoo Courtland Bronx New York LP v. Meir Babaev, B3 Courtlandt Development LLC, AB Capstone LLC, and AMI Capital Holdings LLC*, Index No. 704141/2023; and a previously-filed action against Mr. Wenger, now voluntarily discontinued, *iintoo Courtland Bronx New York LP v. Mava Law PLLC and Daniel Wenger, Esq.*, Index No. 653155/2022 (the **Prior Wenger Action** and, collectively with the other actions listed herein, the **Related Actions**).

151947/2023   IINTOO COURTLAND BRONX NEW YORK, L.P. vs. WENGER ESQ., DANIEL ET AL          Page 5 of 10
Motion No.  001 002

5 of 10

PERA, not the PEA, (iii) the Plaintiff is estopped from maintaining that the Opinion Letter is false because its allegations in the Related Actions that the Plaintiff is due its interest in CDL pursuant to the PEA amount to an acknowledgment of the Opinion Letter's accuracy and (iv) this case must be dismissed as duplicative of another action.[2] These arguments fail.

A claim for negligent misrepresentation requires the plaintiff to demonstrate (i) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff, (ii) that the information was incorrect, and (iii) reasonable reliance on the information (*J.A.O. Acquisition Corp. v Stavitsky*, 8 NY3d 144, 148 [2007], quoting *Parrott v Coopers & Lybrand*, 95 NY2d 479, 484 [2000] and *Murphy v Kuhn*, 90 NY2d 266, 270 [1997]). An attorney has a relationship approaching privity with a third-party when that attorney issues an opinion letter in connection with a transaction for the purpose of reliance by the third-party, such as the Opinion Letter authored by Mr. Wenger in this case (*Geoffrey A. Orley Revocable Tr. U/A/D 1/26/2000 v Genovese*, 18 CIV. 8460 (ER), 2020 WL 611506, at *10 [SDNY Feb. 7, 2020], citing *Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood*, 80 NY2d 377, 385 [1992]).

Simply put, Mr. Wenger is incorrect that he is entitled to dismissal based on his argument that the Plaintiff failed to allege the requisite intent, *i.e.*, that Mr. Wenger knew or should have known that the representations in the Opinion Letter were false (*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 181 [2011]). As discussed above, Mr. Wenger's Opinion Letter does

---

[2] The Defendant acknowledges that the Prior Wenger Action has been voluntarily discontinued without prejudice (*see* NYSCEF Doc. No. 4, in Index No. 653155/2022) and thus has abandoned its argument that this case must be dismissed as duplicative (NYSCEF Doc. No. 36, at 11).

**151947/2023 IINTOO COURTLAND BRONX NEW YORK, L.P. vs. WENGER ESQ., DANIEL ET AL Page 6 of 10**
**Motion No. 001 002**

not say that his opinion is based on and is limited to the actual documents that he reviewed. Rather, the language of the Opinion Letter indicates that it was Mr. Wenger who performed the necessary due diligence of documents he "deemed necessary" and did so "to [his] satisfaction" (NYSCEF Doc. No. 16, at 1). It is thus not correct that the lawsuit fails based on lack of intent because Mr. Wenger's client, Mr. Babaev, allegedly hid documents from Mr. Wenger when Mr. Wenger was preparing the Opinion Letter (NYSCEF Doc. No. 9, at 16-17). Mr. Wenger did not indicate that his opinion was based *solely on the* list of documents he relied on. As such Mr. Wenger cannot say, taking the allegations as true as the Court must at this stage of the litigation, that he is entitled to dismissal.

To be clear, as set discussed above, the Opinion Letter does not purport to indicate that it is issued solely on the basis of certain documents provided to Mr. Wenger and does not otherwise seek to limit reliance based thereon. In fact, the Opinion Letter actually does the opposite (NYSCEF Doc. No. 16, at 1). Stated differently, opinion letters generally contain carveouts for the items not reviewed and do not contain a general due diligence undertaking that forms the predicate for the opinions expressed. Due diligence is generally limited to the documents reviewed, and the opinion expressed is based on those documents. This letter, as set forth above, does not do that and in fact expresses a general opinion upon which Plaintiff reasonably relied.

Mr. Babaev's alleged actions in concealing documents from Mr. Wenger also does not mean that the Opinion Letter was not the proximate cause of the Plaintiff's alleged harm. The purpose of the Opinion Letter was that the Plaintiff could rely on it. If the Opinion Letter was not to be relied on by the Plaintiff, it would not have been issued to the Plaintiff. And, in fact, the Opinion

151947/2023  IINTOO COURTLAND BRONX NEW YORK, L.P. vs. WENGER ESQ., DANIEL ET AL          Page 7 of 10
Motion No. 001 002

7 of 10

[* 7]

Letter could have carved out or limited who could rely on it. In addition, the Court notes that it is irrelevant that the payments are due under the PERA and not the PEA. The point of the Opinion Letter was to induce Plaintiff to enter the transaction and it is the PEA that put Plaintiff in the position that the Plaintiff now finds itself in – *i.e.*, where its right to its interest in CDL is at issue. Thus, the Opinion Letter is the proximate cause of the Plaintiff's alleged harm notwithstanding that the payments are due pursuant to the subsequent redemption PERA agreement. In other words, the Plaintiff has adequately alleged (i) a duty on Mr. Wenger's behalf to impart accurate information, (ii) that the Opinion Letter was false and Mr. Wenger knew or should have known this to be the case; and (iii) that the Plaintiff reasonably relied on the Opinion Letter in entering into the PEA and later the PERA, and (iv) its falsity proximately caused the Plaintiff's harm. Accordingly, the motion is denied.

For the avoidance of doubt, the Plaintiff is not judicially estopped from maintaining that the Opinion Letter is false. A party is judicially estoppel when the Court relies on the alleged inconsistency in rendering a judgment or otherwise adopts the prior allegedly inconsistent position in some manner (*Matter of Stewart v Chautauqua County Bd. of Elections*, 14 NY3d 139, 150 [2010]). The record before the Court does not establish that this has occurred and the Plaintiff must be entitled to pursue both alternatives.

The Plaintiff's motion for a default judgment against the Defendant Mava Law, PLLC, is granted as unopposed. Pursuant to CPLR 3215, the Plaintiff has adduced evidence of (i) an alleged default, with an affidavit of merit (NYSCEF Doc. No. 38), (ii) proof of service of the Summons

151947/2023   IINTOO COURTLAND BRONX NEW YORK, L.P. vs. WENGER ESQ., DANIEL ET AL          Page 8 of 10
Motion No. 001 002

8 of 10

and Complaint (NYSCEF Doc. No. 42), and (iii) an additional mailing (NYSCEF Doc. No. 43). The Plaintiff may submit judgment on notice.

The Court has considered the parties' remaining arguments and found them unavailing.

Accordingly, it is hereby

ORDERED that the Defendant Daniel Wenger's motion to dismiss (Mtn. Seq. No. 001) is denied; and it is further

ORDERED that the Defendant shall serve an answer within 30 days; and it is further

ORDERED that the parties shall appear for a preliminary conference on June 3, 2024, at 11:30am; and it is further

ORDERED that the Plaintiff's motion for default judgment (Mtn. Seq. No. 002) is granted; and it is further

ORDERED that the Plaintiff shall submit judgment on notice (sfc-part53@nycourts.gov).

| 4/25/2024 | | | |
|---|---|---|---|
| **DATE** | | | **ANDREW BORROK, J.S.C.** |

20240425143146AB0RR0KB03B28A56EEE47B2A6DC7D59E9E6068D

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | x | GRANTED IN PART | | OTHER |

151947/2023   IINTOO COURTLAND BRONX NEW YORK, L.P. vs. WENGER ESQ., DANIEL ET AL     Page 9 of 10
Motion No.  001 002

9 of 10

[* 9]

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

151947/2023  IINTOO COURTLAND BRONX NEW YORK, L.P. vs. WENGER ESQ., DANIEL ET AL      Page 10 of 10
Motion No.  001 002

10 of 10