## Schwartz v Winslow & Co. LLC

2024 NY Slip Op 34328(U)

December 9, 2024

Supreme Court, New York County

Docket Number: Index No. 651460/2018

Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

-----------------------------------------------------------------------------------X

DANIEL L. SCHWARTZ,

Plaintiff,

- v -

WINSLOW & COMPANY LLC,W & CO REAL ESTATE LLC,WAYNE JOSHUA WINSLOW, ILONA WINSLOW, DLS COMMERCIAL REAL ESTATE LLC

Defendant.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651460/2018 |
| **MOTION DATE** | 11/15/2023 |
| **MOTION SEQ. NO.** | 012 |

**DECISION + ORDER ON MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 012) 540, 541, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, 552, 553, 554, 555, 556, 557, 558, 559, 560, 561, 562, 563, 564, 565, 566, 567, 568, 574, 575, 576, 577, 578, 579, 580, 581, 582, 583, 584, 585, 586, 587

were read on this motion to/for            SUMMARY JUDGMENT(AFTER JOINDER            .

Upon the foregoing documents and for the reasons set forth on the record (*tr.* 12.6.24), there are no issues of fact warranting trial as to Winslow & Company LLC (**Winslow**)'s claim sounding in unjust enrichment or Daniel Schwartz's motion seeking dismissal of Winslow's claim that he was a faithless fiduciary.

To state a cause of action for unjust enrichment, a plaintiff must allege "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscious to permit [the other party] to retain what is sought to be recovered" (*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011] [internal quotation marks omitted]).

Simply put, it is undisputed that Daniel Schwartz forged the relationship with Datadog while at Winslow which culminated in a deal for the 44th floor.  As a result, Mr. Winslow earned and was

651460/2018   SCHWARTZ, DANIEL L. vs. WINSLOW & COMPANY LLC
Motion No.  012

Page 1 of 4

paid a commission of which Winslow has not received its contemplated share. It would be against equity and good conscience to permit him to retain the portion of the commission to which he never expected to be able to retain (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011] [internal quotation marks omitted]). It simply is irrelevant that at the time of his termination he was owed money or that the parties were still in negotiation for the 44th floor because the July 2016 Agreement (NYSCEF Doc. No. 549) contemplated post-termination reconciliation and the relationship contemplated a split in commission which Winslow never received. The Datadog deal at issue closed within a short period of time after Mr. Schwartz's termination. Accordingly, Winslow is entitled to summary judgment against Mr. Schwartz on its unjust enrichment cause of action.

Mr. Schwartz and DLS Commercial Real Estate LLC are however entitled to summary judgment dismissal of Winslow's faithless fiduciary cause of action. Under New York law, an employee's misbehavior warrants forfeiture of his compensation earned during the period of disloyalty where either (1) the conduct "substantially violates the contract of service" or (2) the employee "acts adversely to his employer in any part of the transaction, or omits to disclose any interest which would naturally influence his conduct in dealing with the subject of the employment" (*Phansalkar v Andersen Weinroth & Co., L.P.*, 344 F3d 184, 202 [2d Cir 2003]).

Nothing in the record indicates that prior to the time that Mr. Schwartz was fired (*i.e.*, February 16, 2018), that he substantially violated his contract, acted adversely to his employer or that he omitted disclosure of an interest that would influence his conduct (*see Phansalkar v Andersen Weinroth & Co., L.P.*, 344 F3d 184, 202 [2d Cir 2003] [applying New York law]). Indeed,

**651460/2018   SCHWARTZ, DANIEL L. vs. WINSLOW & COMPANY LLC**
**Motion No.  012**

**Page 2 of 4**

[* 2]

contrary to Winslow's argument, the record evidence demonstrates that Mr. Schwartz sent out emails on behalf of Winslow (albeit from other email domains) in attempting to facilitate a transaction for the 44th floor with Datadog and never did anything at all with the intention of cutting out Winslow (NYSCEF Doc. No. 558). The record before the Court also demonstrates that it is also not correct that Winslow was unaware that a deal for the 44th floor was being discussed with Mr. Schwartz at the time of his termination.

To be clear, the record before the Court also demonstrates that there was not a meeting of the minds with Datadog for the 44th floor as of November 2017. Indeed, there was not even an existing deal as of February 2018. As such, it is irrelevant that Mr. Schwartz at that time did not provide the specifics of his lack of procuring a deal at that moment. Thus, there are no issues of fact as to whether Mr. Schwartz was not a faithless servant, and the claim is dismissed.

Accordingly, it is hereby

ORDERED that the motion and cross-motion for summary judgment are granted to the extent set forth above; and it is further

ORDERED that Winslow shall submit judgment on notice for the Court's signature (sfc-part53@nycourts.gov), and if Mr. Schwarz is disagrees with the proposed judgment, then he may submit a proposed counter-judgment.

**651460/2018   SCHWARTZ, DANIEL L. vs. WINSLOW & COMPANY LLC**
**Motion No.  012**

**Page 3 of 4**

[* 3]

20241209094532AB0RR0K4BD304A3E7E84EEABADC2CBA9E722D02

**12/9/2024**
**DATE**

**ANDREW BORROK, J.S.C.**

| CHECK ONE: | | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | | GRANTED | | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**651460/2018   SCHWARTZ, DANIEL L. vs. WINSLOW & COMPANY LLC**
**Motion No.  012**

Page 4 of 4