ERA Capital L.P. v Soleil Chartered Bank (2023 NY Slip Op 02845)

ERA Capital L.P. v Soleil Chartered Bank

2023 NY Slip Op 02845

Decided on May 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 30, 2023

Before: Kern, J.P., Friedman, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 651984/19 Appeal No. 345 Case No. 2023-00579 

[*1]ERA Capital L.P., Plaintiff-Appellant-Respondent,
v
Soleil Chartered Bank et al., Defendants, Regions Bank, Defendant-Respondent-Appellant.

Frydman LLC, New York (David S. Frydman of counsel), for appellant-respondent.
McGlinchey Stafford PLLC, New York (Mikelle V. Bliss of counsel), and Garbett, Allen & Roza, P.A., Miami, FL (Brian P. Yates ,of the bar of the State of Florida, admitted pro hac vice, of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered January 11, 2023, which granted defendant Regions Bank's (Regions) motion for summary judgment in part and dismissed plaintiff's breach of fiduciary duties claim, and denied Regions's motion for summary judgment on plaintiff's negligent misrepresentation claim, unanimously affirmed, without costs.
The fiduciary duty claim was appropriately dismissed, as there is no evidence in the record showing that Regions "exercise[d] control and dominance over [plaintiff]" (People v Coventry First LLC, 13 NY3d 108, 115 [2009]; see also Marmelstein v Kehillat New Hempstead: Rav Aron Jofen Community Synagogue, 11 NY3d 15, 21 [2008]; MAFG Art Fund, LLC v Gagosian, 123 AD3d 458, 459 [1st Dept 2014], lv denied 25 NY3d 901 [2015]). Regions, which ultimately acted as adviser for two letters of credit issued by Soleil Chartered Bank (see UCC § 5-107[c]), did not negotiate on plaintiff's behalf, have authority to bind plaintiff to any agreement with the issuer or plaintiff's borrower, or counsel plaintiff as to the substance of the deals at issue (see RNK Capital LLC v Natsource LLC, 76 AD3d 840, 841-842 [1st Dept 2010], lv denied 16 NY3d 709 [2011]; compare ECB I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 20 [2005]).
Supreme Court properly denied summary judgment on the negligent misrepresentation claim. The evidence demonstrates that the parties may have had "a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff." Further, there are triable issues of fact as to whether Regions' statement that the issuing bank was good to proceed "was incorrect," and whether plaintiff reasonably relied on the statement when accepting the letter of credit on which payment was ultimately denied (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 180 [2011] , quoting J.A.O. Acquisition Corp. v Stavitsky, 8 NY3d 144, 148 [2007]).
Contrary to Regions' contention, no expert is necessary to explain the standard of care for imparting correct information to the judge at a bench trial and this case does not involve any specialized knowledge of a bank's duties and internal operations (compare Adam Intl. Trading v Manufacturers Hanover Trust Co., 150 AD2d 294, 295 [1st Dept 1989], appeal dismissed 74 NY2d 844 [1989]).
We have considered the remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 30, 2023