Offenbach v Ohlbaum (2023 NY Slip Op 02979)

Offenbach v Ohlbaum

2023 NY Slip Op 02979

Decided on June 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2023

Before: Renwick, A.P.J., Kern, Singh, Scarpulla, Higgitt, JJ. 

Index No. 651340/18 Appeal No. 399 Case No. 2022-03145 

[*1]Dana Offenbach et al., Plaintiffs-Appellants,
v
Gary Ohlbaum, Defendant-Respondent.

Berlandi Nussbaum & Reitzas LLP, New York (John P. O'Brien of counsel), for appellants.
Palmieri Law, PC, Mineola (Vito A. Palmieri of counsel), for respondent.

Order, Supreme Court, New York County (Debra James, J.), entered on or about January 25, 2022, which denied plaintiffs' motion for summary judgment on their claims for breach of contract, fraud, and intentional infliction of emotional distress and granted defendant's cross-motion to dismiss the claims pursuant to CPLR 3211 and 3212, unanimously modified, on the law, to deny defendant's cross-motion as to the breach of contract claim as asserted by plaintiff Original Provisionals LLC, and to grant plaintiff Original Provisionals LLC's motion for summary judgment as to the breach of contract claim, and otherwise affirmed, with costs. The Clerk is directed to enter judgment in favor of Original Provisionals LLC in the amount of $2,532,790, plus interest.
Defendant was entitled to dismissal of the breach of contract claim as asserted by plaintiff Offenbach because Offenbach was not a party to the subscription agreement, which obligated defendant to provide funding to plaintiff Original Provisionals LLC (the Company) for its film project in exchange for an interest in the Company. Offenbach executed the subscription agreement on behalf of Original Provisionals, and nothing indicated that Offenbach was an intended third-party beneficiary of the agreement (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 181-182 [2011]).
Supreme Court, however, should not have dismissed the breach of contract claim as asserted by the Company. Pursuant to the plain terms of the subscription agreement defendant agreed to pay $2,532,790 in exchange for membership in the Company (see Quadrant Structured Products Co., Ltd. v Vertin, 23 NY3d 549, 559-560 [2014] [when construing a contract, courts must look to its language and "'a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms'"] [citation omitted]). It is undisputed that the Company performed under the subscription agreement, but defendant failed to pay the specified amount due thereunder.
Defendant's self-serving deposition testimony does not raise an issue of fact as to the breach of contract claim. His statements that the parties' actual agreement was different than that reflected in the contract, even if true, is immaterial because the contract specifically states that it constitutes the entire agreement between the parties and could only have been amended by a writing executed by the parties. Further, the provisions of the operating agreement, cited by the supreme court and relied upon by defendant on appeal, are inapplicable to defendant's obligation to perform under the subscription agreement.
The Company's fraud claim, that it was fraudulently induced to enter into the subscription agreement by defendant's misrepresentations that he would provide the promised financing, was properly dismissed as duplicative of the breach of contract claim (see Cronos Group Ltd. v XComIP, LLC, 156 AD3d 54, 62-63 [1st Dept 2017]).
Because Offenbach [*2]has no claim for breach of the subscription agreement, her cause of action for fraud should not have been dismissed as duplicative of the breach of contract claim (see Richbell Info. Servs. v Jupiter Partners, 309 AD2d 288, 305 [1st Dept 2003]). Nevertheless, Offenbach's fraud claim should be dismissed. The fraud alleged by Offenbach individually is that defendant promised but failed to pay the subscription agreement amount to the Company and subsequently misrepresented that payment was forthcoming. Thus, Offenbach has failed to allege or show that she suffered damages separate from those recoverable by the Company under the subscription agreement (see Financial Guar. Ins. Co. v Morgan Stanley ABS Capital 1 Inc., 164 AD3d 1126, 1127 [1st Dept 2018]).
The cause of action for intentional infliction of emotional distress was correctly dismissed because defendant's alleged acts did not amount to extreme and outrageous conduct (Chanko v American Broadcasting Cos. Inc., 27 NY3d 46, 57 [2016]).
We have considered the remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2023