| Miller v Miller |
|:---:|
| 2024 NY Slip Op 34277(U) |
| December 3, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 153868/2023 |
| Judge: Suzanne J. Adams |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. SUZANNE J. ADAMS** | **PART** | **39M** |
| | *Justice* | | |

-----------------------------------------------------------------X

MILES MILLER,

                                   Plaintiff,

                    - v -

PTAH MILLER, AL MILLER, and 45-53 WEST 110TH
STREET HDFC,

                                Defendants.

-----------------------------------------------------------------X

| |
|---|
| **INDEX NO.**      153868/2023 |
| **MOTION DATE**      N/A |
| **MOTION SEQ. NO.**      002 |
| |
| **DECISION + ORDER ON MOTION** |

The following e-filed documents, listed by NYSCEF document number (Motion 002) 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 37, 38, 39, 40, 44

were read on this motion to                  DISMISS              .

     Upon the foregoing documents, it is ordered that defendant 45-53 West 110th Street HDFC's (the "Co-op") motion is granted in part for the reasons set forth below. The Co-op is a New York cooperative corporation with its principal place of business at 45 Central Park North, New York, New York. Plaintiff alleges that he is a resident of Apartment 6D at 45 Central Park North, New York, New York. Defendant Ptah Miller (Ptah) is plaintiff's half-brother and defendant Al Miller (Al) is the father of both plaintiff and Ptah, and a former board member of the Co-op. Plaintiff alleges that in May 2012, he moved into the apartment at issue with his grandmother, non-party Bettijean Miller (Bettijean), who at the time was the owner of the shares assigned to that unit. Plaintiff and Bettijean lived together at the subject premises until Bettijean's death on May 2, 2017. Al served as the executor of Bettijean's estate. Several weeks after Bettijean's death, Al moved Ptah into the unit with plaintiff. Plaintiff alleges that in November 2018, Al informed him that Bettijean's shares would be transferred to plaintiff's name. However, later that month, Al allegedly told him that the shares would be placed in Ptah's name. Ptah

153868/2023  MILLER, MILES vs. MILLER, PTAH ET AL
Motion No. 002

Page 1 of 5

[* 1]

receives disability benefits and requires Al's aid, and in order to allow Ptah to qualify as a shareholder, Al and Ptah promised plaintiff that he would be allowed to continue living in the subject premises for the rest of his life if he provided the financial resources to allow Ptah be approved as a shareholder of the Co-op and afford the maintenance. Plaintiff alleges that he trusted that Al and Ptah were trying to maintain the status quo, allowing plaintiff to continue living in the unit in return for providing financial stability. As a result of plaintiff's financial support, the shares were transferred to Ptah on or about August 13, 2019. Plaintiff alleges he has provided financial assistance towards the premises' maintenance fees. On January 24, 2023, Ptah presented plaintiff with a 90-day notice of termination.

Plaintiff commenced this action in April 2023, asserting causes of action sounding in fraudulent misrepresentation, unjust enrichment/quantum meruit, and constructive trust, and further alleging that defendants are attempting to harass and intimidate plaintiff into vacating the unit and abandoning his interest therein. On September 6, 2023, this court granted a preliminary injunction enjoining defendants from evicting plaintiff during the pendency of this action. The Co-op now moves pursuant to CPLR 3211 (a) (1) and (7), to dismiss the complaint as against it. Plaintiff opposes the motion.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory." *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]. Further, a motion to dismiss pursuant to CPLR 3211 (a) (1) "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]).

153868/2023   MILLER, MILES vs. MILLER, PTAH ET AL
Motion No. 002

Page 2 of 5

[* 2]

The Co-op argues that the fraudulent misrepresentation claim must be dismissed because it fails to plead any fraud by the cooperative or the Board. In addition, the Co-op contends that the Board's approval of the transfer of shares is protected by the business judgment rule. To state a cause of action for fraudulent misrepresentation, the plaintiff must allege "'a misrepresentation or a material omission of fact which was false and known to be false by [the] defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury'" (*Pasternack v Laboratory Corp. of Am. Holdings*, 27 NY3d 817, 827 [2016], *rearg denied* 28 NY3d 956 [2016], quoting *Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 178 [2011]). Further, CPLR 3016 (b) requires that misrepresentation or fraud be pled with particularity. Here, the complaint fails to allege any misrepresentations or material omissions of fact by the Co-op, warranting dismissal of the first cause of action as against it.

Regarding the second cause of action for unjust enrichment, the Co-op argues that plaintiff fails to allege a sufficient relationship to sustain an unjust enrichment claim or how the Co-op was enriched. "To state a claim for unjust enrichment, a plaintiff must allege that: '(1) the [defendant] was enriched, (2) at [plaintiff's] expense, and (3) that it is against equity and good conscience to permit the [defendant] to retain what is sought to be recovered.'" *Schroeder v Pinterest Inc.*, 133 AD3d 12, 26 [1st Dept 2015], quoting *Georgia Malone & Co., Inc. v Rieder*, 19 NY3d 511, 516 [2012]. In addition, "a plaintiff cannot succeed on an unjust enrichment claim unless it has a sufficiently close relationship with the other party." *Schroeder*, 133 AD3d at 26 [internal quotation marks and citation omitted]). Even if the complaint adequately pled a sufficient relationship between plaintiff and the Co-op, it fails to allege that the Co-op was enriched at plaintiff's expense

153868/2023   MILLER, MILES vs. MILLER, PTAH ET AL
Motion No. 002

Page 3 of 5

3 of 5

or that it is unjust for the Co-op to retain plaintiff's funds. As such, the second cause of action is also dismissed against the Co-op.

Finally, the Co-op contends that plaintiff's constructive trust claim should be dismissed because plaintiff fails to allege any promise made by the Coop. Generally, a constructive trust requires "(1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment" (*Frazier v Barnes*, 226 AD3d 566, 567 [1st Dept 2024] [internal quotation marks and citation omitted]). Here, even liberally construing the first element, the complaint fails to allege that the Co-op made any promises to plaintiff; rather, it alleges that Ptah and Al promised that he would be given a life estate. Thus, the third cause of action must be dismissed against the Co-op.

Plaintiff argues that the Co-op is a necessary party "as the subject of this action [is] in essence the shares of a co-op which gives rights to the subject property, [and] a notice to pendency could not be filed and so, the Defendant is named and required as a party to ensure the Plaintiff's interests in this action" (NYSCEF Doc No. 40 at 3). The Co-op counters that plaintiff's claims seek relief against the other defendants, and he seeks monetary and equitable relief which would not require any action by the Co-op. CPLR 1001 (a) provides that "[p]ersons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action shall be made plaintiffs or defendants." However, even if plaintiff succeeds in proving that Al and Ptah promised him a life estate, the Co-op would not have to issue any new shares or execute any documents acknowledging the life estate. Thus, the Co-op is not a necessary party to the constructive trust cause of action or any other cause of action, as complete relief can be afforded to the parties without its presence and the Co-op would not be inequitably affected by a judgment rendered in this action (*see generally*

[* 4]

*Panetta v Kelly*, 17 AD3d 163, 166 [1st Dept 2005], *lv dismissed* 5 NY3d 783 [2005]. Given that the Co-op is not a necessary party, it is entitled to dismissal of the complaint. Finally, the Co-op's request for costs and attorney's fees is denied.

Accordingly, it is hereby

ORDERED that the motion of defendant 45-53 West 110th Street HDFC to dismiss is granted and the complaint is dismissed in its entirety as against said defendant, and the Clerk is directed to enter judgment accordingly in favor of said defendant, and the motion is otherwise denied; and it is further

ORDERED that the action is severed and continued against the remaining defendants, and the caption shall be amended to reflect the dismissal and all future papers filed with the court bear the amended caption; and it is further

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein..

This constitutes the decision and order of the court.

| 12/3/2024 | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **DATE** | | | | | | **SUZANNE J. ADAMS, J.S.C.** | | |
| **CHECK ONE:** | | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | |
| | | | GRANTED | | DENIED | X | GRANTED IN PART | OTHER |
| **APPLICATION:** | | | SETTLE ORDER | | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

153868/2023 MILLER, MILES vs. MILLER, PTAH ET AL
Motion No. 002

Page 5 of 5

[* 5]